# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-867V
### (to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | * | Special Master Corcoran |
| DAVID MIKKELSON, | * | |
| | * | Filed: October 3, 2016 |
| Petitioner, | * | |
| | * | Attorney's Fees and Costs; |
| v. | * | Influenza ("Flu") Vaccine; |
| | * | Guillain–Barré Syndrome ("GBS"). |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Clifford John Shoemaker,* Shoemaker, Gentry, and Knickelbein*, Vienna, VA, for Petitioner.*

*Julia McInerny,* U.S. Dep't of Justice, Washington, DC, for Respondent

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On August 12, 2015, David Mikkelson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] based upon allegations that he developed Guillain–Barré syndrome ("GBS") as a result of his October 3, 2013, receipt of the influenza ("flu") vaccine. The parties stipulated to damages, and I issued a decision awarding them on July 25, 2016 (ECF No. 26).

Petitioner filed a Motion requesting an award of attorney's fees on July 23, 2016. He requests the fees incurred by Shoemaker, Gentry & Knickelbein ("Shoemaker Firm") in the amount of $27,295.90, and costs in the amount of $1,041.12, for a total amount of $28,337.02, plus personally

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

incurred costs of $401.20. *See* Motion for Attorney's Fees ("Fees Mot.") filed on July 23, 2016 (ECF No. 25). Respondent does not oppose the request in substance, but does suggest that the total amount sought is too high, stating that a reasonable amount for fees and costs in the present case would fall between $18,000.00 and $22,000.00. *See* Respondent's Response to Motion for Attorney's Fees ("Response") at 4-5 (ECF No. 30).  For the reasons stated below, and after review of the parties' submissions and relevant decisions of other special masters, I hereby award the total sum of **$27,917.52** in attorney's fees and costs to the Shoemaker Firm. I also award David Mikkelson **$401.20** in costs.

## FACTUAL BACKGROUND

As noted above, Mr. Mikkelson alleged that he developed GBS after receiving the flu vaccine in October 2013. The primary attorneys to have worked on the case were Clifford Shoemaker and Renee Gentry of the Shoemaker Firm[3]. The billing invoices filed in connection with the present fee request reveal that Sabrina Knickelbein also performed work throughout the case, which consisted primarily of email correspondence and reviewing records, but amounting to only 10.2 hours of the total billed hours. Fees Mot. at 13-17.

The Shoemaker Firm began work on the case in April 2015 – four months prior to filing their two-page petition. During that time, Mr. Shoemaker billed 22.4 hours, which seems to have been primarily consumed by correspondence with Petitioner and reviewing medical records. Once the petition was filed, the case moved relatively quickly, in part due to the time invested prior to filing the Petition. Three months after filing, on November 10, 2015, the parties stated in a joint status report that the record was complete.  *See* Joint Status Report filed on November 10, 2015 (ECF No. 10). It is difficult to tell what work Mr. Shoemaker performed during this time, because the billing entries are vague and often only include the notation "review pleading" with no other details. *See* Fees Mot. at 9-10. It appears however, that in between the initial filing of the Petition and the joint status report, the bulk of the work was completed by Ms. Knickelbein, who prepared all the medical records for CM/ECF and was in charge of email correspondence with Respondent regarding those records. *Id*. at 13-17.

After filing the November 2015 Joint Status Report, the parties went directly into settlement negotiations, which continued until July 19, 2016, when Petitioner signed a Stipulation. *See generally* Stipulation (ECF No. 21). Again, the work of the three attorneys shifted during this period, as the billing records suggest. Ms. Gentry became the point of contact regarding settlement negotiations, so many of the billing entries reflect her work to draft the settlement demand, and communicate to and from Respondent and Petitioner. *See* Fees Mot. at 10-13. Although she became the attorney of record one day before the stipulation was filed, Ms. Gentry billed for 19.45 hours during settlement

---

[3] Renee Gentry became the official counsel of record on July 19, 2016.

negotiations, compared to Mr. Shoemaker's 5.8 hours. *Id.* Shortly after the stipulation was entered with the court, the present motion was filed. *Id.*

Petitioner's Fees Motion seeks different rates for each of the Shoemaker Firm attorneys. Mr. Shoemaker billed his time at a rate of $415 per hour for 2015, and $430 per hour for 2016. *Id.* at 6, 9. Ms. Gentry billed her time at $400 and $415 per hour, respectively for that same period. *Id.* at 10-11 Finally, Ms. Knickelbein billed her time at $350 and $363 per hour for the given years. *Id.* at 13, 16.

Petitioner also requests reimbursement of costs, both expended by him and by the Shoemaker Firm. The costs in this case remained relatively low, as no experts were hired and the parties reached a settlement in the early stages of the case. Nonetheless, Petitioner itemized the costs expended on this case by the Shoemaker Firm, which included the cost of obtaining medical records from several different sources and making copies, totaling $1,041.12. *Id.* at 19. Mr. Mikkelson also requests reimbursement of $401.20 for the filing fee and postage he spent. *Id.* at 3.

On August 11, 2016, Respondent filed a document reacting to Petitioner's Motion. *See generally* Response. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id.* at 1. Respondent added that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. However, she maintained that a reasonable amount for fees and costs in the present case would fall between $18,000.00 and $22,000.00, providing 11 cases that support the proposed range, all of which were stipulated to by the parties. *Id.* at 3-4. Although those cases involved similarly situated petitioners, none of the stipulated fees involved the Shoemaker firm. *Id.* Of those 11 cases, one even had fees outside the Respondent's proposed range. *Id.* at 4 (stipulated award of $23,328.91). Petitioner did not file a reply.

## ANALYSIS

### I.    Petitioner's Attorney's Fees Request

#### A.    Applicable Rates

I have previously discussed in detail the applicable standards to resolving a fees request in a successful Program case. *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at*5-6 (Fed.Cl. Spec. Mstr. Sept. 30, 2015). The primary issue presented by this case is the appropriate rates to be paid.

There have been varying conclusions regarding whether the Shoemaker Firm should receive the forum rate, given that the office of the firm is located in Vienna, Virginia and thus not literally "in" the D.C. forum. Several years ago, Special Master Moran determined that "work performed in a

suburb of Washington, D.C. is not the same, for an analysis of the forum rate ..., as work performed within the District of Columbia." *See Sabella,* 86 Fed. Cl. at 201, 208-9. Combining that conclusion with the second part the *Davis* analysis, and comparing the difference between the local rates and the forum rates, the special master awarded a local rate. *Id.* Other recent decisions, however, view the Shoemaker Firm's Office location as synonymous with Washington, D.C., thus making it unnecessary to apply the *Davis* analysis. *Green v. Sec'y of Health & Human Servs.*, No. 13-920V, 2016 WL 2756175, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2016). *L.A. v. Sec'y of Health & Human Servs.*, No. 12-629V, 2016 WL 1104860, at *5 (Fed. Cl. Spec. Mstr. Feb. 29, 2016); *Miller v. Sec'y of Health & Human Servs.,* No. 13-914, 2016 WL 2586700, at *7.

I recently decided this issue as well, finding that although the Shoemaker Firm is not physically located in the D.C. forum, they should be awarded forum rates because the local rate in Vienna, Virginia is not significantly different from the forum rates. *See Jaffri v. Sec'y of Health and Human Servs.,* No. 13-484V, slip op. (Fed. Cl. Spec. Mstr. Sept. 30, 2016).

### a. Mr. Shoemaker

Petitioner requests $415 per hour for Mr. Shoemaker for work performed in 2015, and $430 per hour for work performed in 2016, consistent with the determination of firm rates in *McCulloch* and my own decisions. *McCulloch*, 2015 WL 5634323, at *19; *Jaffri*, No. 13-484V at *9. Mr. Shoemaker will receive $415 per hour for work performed in 2015, and $430 per hour for his work in 2016.

### b. Ms. Gentry

Petitioner requests $400 per hour for Ms. Gentry for work performed in 2015, and $415 per hour for work performed in 2016. Ms. Gentry has received similar rates for her work in the Vaccine Program. *See Jaffri*, No. 13-484V, at *9. Ms. Gentry thus will be awarded $400 per hour for work performed in 2015, and $415 per hour for work performed in 2016.

### c. Ms. Knickelbein

Petitioner requests $350 for Ms. Knickelbein for work performed in 2015, and $363 for work performed in 2016.  Ms. Knickelbein has also been awarded these rates previously. *See Jaffri*, No. 13-484, at *9 (determining $365 per hour for Ms. Knickelbein's work in 2016 was appropriate). Her requested rates fit the range suggested in *McCulloch*, therefore, I will award $350 per hour for work in 2015, and $363 per hour for work performed in 2016.

B.     <u>Hours Devoted to Matter</u>

As noted above, special masters are not obligated to scrutinize each entry on a billing record in search of inefficiency. Nor has Respondent identified any objectionable billing instance or category for me. Respondent does state a range of fees, however, which she views as more appropriate for this case. The 11 cases cited to support that range however, are all instances where the parties have stipulated to the amount of attorney's fees, and thus provide me without much basis to evaluate if work in this case was excessive. *See* Response at 4-5.

I do not find that the matter was overworked. This case was resolved within one year and required neither party to hire experts. Such circumstances therefore justify an award of the majority of the time billed, with the following exceptions:

a. On June 17, 2015, Mr. Shoemaker billed .4 hours to "review corr about Phil's disability and discuss with Gretchen; email to client." *See* Fees Motion at 7. After looking over the exhibits, however, I found no mention of "Phil"; Petitioner's name is David Allen Mikkelson. This lack of oversight exemplifies a larger problem with the descriptions for time billed by Mr. Shoemaker - they are often vague - making it difficult to determine the work that was performed. I will strike this amount entirely.

b. For several time entries throughout 2015 and 2016, Mr. Shoemaker billed for "review pleading," for a total of .9 hours. *Id.* (See billed hours on 08/14/15, 08/15/15, 08/25/15, 09/26/15, 11/11/15, 01/28/16, 02/09/2016, 03/30/2016, 04/05/2016). While it is difficult to tell from the description of the activity, it appears that these hours were billed to review minor filings on CM/ECF that amounted to one or two sentences. I will reduce the billed hours to .3, taking three charges from 2015 and three from 2016, leaving 2 from 2015 and 1 from 2016. This amount represents the cumulative time I think it would take to review the entries in CM/ECF.

E.      Fees Award Summary

Based upon all of the above, I award the following attorney's fees:

| Attorney | Year that Work was Performed | Hours Awarded | Hourly Rate Awarded | Total Amount |
|---|---|---|---|---|
| Mr. Shoemaker | 2015 | 24.7 | $415 | $10,250.50 |
| | 2016 | 7.9 | $430 | $3,397.00 |
| Ms. Gentry | 2015 | 5.55 | $400 | $2,220.00 |
| | 2016 | 17.9 | $415 | $7,428.50 |
| Ms. Knickelbein | 2015 | 9.4 | $350 | $3,290.00 |
| | 2016 | .8 | $363 | $290.40 |
| | | | Grand Total= $26,876.40 | |

## III.   Litigation Costs

Petitioner requests two categories of costs. First, he asks for an award of $401.20 to reimburse himself for the cost of the filing fee and postage. I will award this as requested.

Petitioner's next and final category of expenses is for $1,041.12, incurred solely by the Shoemaker Firm as costs to obtain medical records and copying. *Id.* at 18. Respondent does not object to these costs as unreasonable, and upon review of the record I find that they are acceptable. *See* Response at 4-5. I therefore award this sum in its entirety.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Based on the reasonableness of Petitioner's request, as well as my reductions and hourly fee rate decisions set forth above, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs, as follows:

| Contested Sum | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| Shoemaker Firm Attorney's Fees | $27,295.90 | $419.50 | $26,876.40 |
| Shoemaker Firm Costs | $1,041.12 | none | $1,041.12 |
| David Mikkelson's Fees | $401.20 | none | $401.20 |

6

Accordingly, I award a total of **$27,917.52** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Cliff Shoemaker, Esq. I award separate costs payable to David Mikkelson in the amount of **$401.20**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' joint filing of notice renouncing the right to seek review.